IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD K. PACK,

    Petitioner,

v.

JAMES HEIMGARTNER,

    Respondent.

Case No. 19-3246-DDC

## MEMORANDUM AND ORDER

On February 2, 2021, the court denied petitioner Ronald K. Pack's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. Doc. 26. And, the court entered a Judgment. Doc. 27. Afterwards, Mr. Pack filed a Notice of Appeal, two motions, and several other documents with the Tenth Circuit Court of Appeals. *See* Docs. 28, 28-1, 28-2, 29, & 30. The Tenth Circuit sent the Notice of Appeal to our court for filing. Doc. 28-3. Also, the Circuit forwarded the two motions to our court with directions to take "whatever action you deem appropriate." *Id.* at 1.

The Clerk of the Court has docketed Mr. Pack's two post-judgment motions in this case. Mr. Pack[1] has titled them: (1) "Motion for Leave to Proceed In Forma Pauperis" (Doc. 29), and (2) "Motion for En Banc and Instanter" (Doc. 30). This Order decides each of the two motions.

*First*, the court addresses Mr. Pack's Motion for Leave to Proceed In Forma Pauperis (Doc. 29). The court previously granted Mr. Pack in forma pauperis status in this action. Doc. 4 at 2. So, he may proceed in forma pauperis on appeal "without further authorization" unless the court "certifies that the appeal is not taken in good faith" or "finds that [he] is not otherwise

---

[1] Mr. Pack proceeds pro se. So, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]" Fed. R. App. P. 24(a)(3)(A). The court hasn't made any such certification or finding. So, the court dismisses as moot Mr. Pack's Motion for Leave to Proceed In Forma Pauperis (Doc. 29) because he already is entitled to in forma pauperis status.

*Second*, the court considers Mr. Pack's "Motion for En Banc and Instanter" (Doc. 30). To the extent Mr. Pack's motion asks this court to order the Tenth Circuit to review en banc his appeal of this court's denial of his § 2254 petition, the motion cites no authority permitting this court to provide that relief. So, the court won't grant that request—to the extent the motion asks for that relief. But, liberally construing the filing, the motion also appears to seek leave to file a Notice of Appeal out of time. Mr. Pack asserts that, due to the COVID-19 pandemic, he was transferred to another correctional facility and placed in quarantine. Doc. 30 at 1. So, he alleges that he didn't receive this court's order denying his § 2254 Petition until 28 days after it was issued. *Id.* at 1–2. He asserts that he was unable to file his Notice of Appeal timely because of "circumstances beyond his control." *Id.* at 2; *see also generally* Doc. 28 ("Notice to Appeal Out of Time").

Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court to extend the time for filing a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Mr. Pack has satisfied the first requirement of the Rule. The court entered Judgment against Mr. Pack's § 2254 motion on February 2, 2021. Doc. 26. His time for filing a Notice of Appeal expired 30 days after entry of the Judgment, or on March 4, 2021. Fed. R. App.

4(a)(1)(A).  Mr. Pack has filed his "Notice of Appeal Out of Time" within the 30 days after his time for filing an appeal expired, as Fed. R. App. P. 4(a)(5)(A) requires.  *See* Doc. 28 (docketed on Mar. 18, 2021).  So, Mr. Pack meets Rule 4(a)(5)(A)'s first requirement for seeking leave to file a Notice of Appeal out of time.

The second requirement requires Mr. Pack to show excusable neglect or good cause to extend the time for filing a notice of appeal.  Fed. R. App. P. 4(a)(5)(A)(ii).  The court finds Mr. Pack satisfies the good cause standard under the facts alleged here.  The Tenth Circuit has described the concept of "good cause" as "'tak[ing] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite.'"  *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)).  Good cause exists "'in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'"  *Id.* (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments).  Here, Mr. Pack asserts that his failure to file his Notice of Appeal in a timely fashion was the result of circumstances out of his control—*i.e.*, his transfer between prisons and quarantine due to the COVID-19 pandemic that prevented him from receiving the court's dismissal of the § 2254 Petition until 28 days after the court had issued the Order.  Doc. 30 at 1–2.  Mr. Pack has demonstrated good cause under these facts.  *See Wade v. Warden FCI Fairton*, No. 15-8925(RMB), 2017 WL 160827, at *2 (D.N.J. Jan. 13, 2017) (extending time to file a notice of appeal under Fed. R. App. P. 5(a)(5)(A) because the petitioner "was transferred" to another correctional facility and "was deprived of time to file a notice of appeal through no fault of his own").  So, the court grants Mr. Pack leave to file his Notice of Appeal out of time.

Rule 4(a)(5)(C) prohibits the court from granting an extension under the Rule exceeding

3

"30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Mr. Pack already filed his Notice of Appeal. Doc. 28. The Clerk of the Court docketed the Notice of Appeal on March 18, 2021. So, the court's order granting Mr. Pack's Motion for Leave to File his Notice of Appeal out of time is consistent with the timing requirements of Rule 4(a)(5)(C).

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's Motion for Leave to Appeal In Forma Pauperis (Doc. 29) is dismissed as moot. Petitioner may proceed on appeal in forma pauperis without further authorization under Fed. R. App. P. 24(a)(3)(A).

**IT IS FURTHER ORDERED THAT** petitioner's "Motion for En Banc and Instanter" (Doc. 30) is granted in part and denied in part. To the extent petitioner asks the court to permit him to file his Notice of Appeal out of time under Fed. R. App. 4(a)(5)(A), the court grants that request and permits Mr. Pack to file his Notice of Appeal (Doc. 28) out of time. But, the court denies any other relief sought by the motion.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
